UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENDOTACH LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:13-cv-01135-LJM-DKL |
| COOK MEDICAL INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION TO DISMISS

This cause is before the Court on Defendant Cook Medical Incorporated's ("Cook's") Motion to Dismiss Duplicative Lawsuit. Plaintiff Endotach LLC opposes the motion. For the reasons discussed herein, the Court **DENIES** Cook's Motion to Dismiss.

## I. BACKGROUND

The basic facts of this matter are undisputed: On June 21, 2012, Endotach filed suit against Cook in the Northern District of Florida, alleging that certain Cook products infringed two patents, U.S. Patent Nos. 5,122,154 and 5,593,417 (collectively, the "Rhodes patents"), in which Endotach alleged to have an exclusive license. *See Endotach LLC v. Cook Med. Inc.*, Cause No. 1:12-cv-01630-LJM-DKL, Dkt. No. 1 ("*Endotach I*"). On November 8, 2012, the Florida court transferred the action to this Court. *See id.*, Dkt. No. 51.

After considerable litigation and discovery, on June 28, 2013, Cook moved to dismiss *Endotach I* for lack of subject matter jurisdiction because Endotach lacked

standing to bring the suit. See id. Dkt. No. 124. On July 16, 2013, Endotach opposed Cook's Motion to Dismiss. Id. Dkt. No. 141.

Also on July 16, 2013, Endotach filed the present lawsuit ("Endotach II"), in "an abundance of caution" and "[i]n the event the Court were to determine that the 2009 exclusive license was insufficient to transfer to Acacia (and consequently Plaintiff) all substantial rights to the [Rhodes patents] . . . ." Endotach II, Dkt. No. 1, ¶ 13. Otherwise, the new Complaint in Endotach II is substantially identical to the original Complaint in Endotach I.[1] Compare Endotach I, Dkt. No. 1, to Endotach II, Dkt. No. 1.

On July 23, 2013, Cook moved to dismiss Endotach II arguing that it is duplicative of Endotach I. Endotach II, Dkt. No. 13, at 2. It argues that the facts in this case are analogous to those in Serlin v. Arthur Andersen & Co., 3 F.3d 221 (7th Cir. 1993), and Endotach should not be allowed to benefit from its failure to ensure it had standing to bring suit in the first instance.

On August 6, 2013, the Court granted Cook's Motion to Dismiss Endotach I because Endotach lacked standing when the original Complaint was filed on June 12, 2012. Endotach I, Dkt. No. 158. The dismissal was without prejudice. Id.

On August 13, 2013, the Court held a Telephonic Status Conference with the parties to determine how best to proceed in this case and acknowledged the pending Motion to Dismiss. Endotach II, Dkt. No. 27. Cook asserted at the Conference that it intended to proceed with its Motion to Dismiss and filed its Reply on August 15, 2013. Id. Dkt. No. 28.

---

[1] On August 2, 2013, Endotach filed an Amended Complaint in Endotach II, adding a claim for willful infringement. Endotach II, Dkt. No. 18, ¶ 19. On the same date, Endotach had moved to add such a claim in Endotach I as well. Endotach I, Dkt. No. 152, at 1.

In its Reply, Cook argues that the cases are still duplicative because post-judgment matters remain in *Endotach I*, including any appeal and attorney's fees. *Id.* at 1. In addition, Cook asserts that if the Court allows *Endotach II* to proceed, "it will have rewarded Endotach's blatant violation of the rule against duplicative lawsuits, and will invite future litigants before this Court to do the same." *Id.* In other words, Cook contends that Endotach has some kind of unwarranted advantage if *Endotach II* is not dismissed. *Id.* at 3-4.

Endotach argues that maintenance of this suit is not unduly burdensome because *Endotach I* is before the same judge and special circumstances exist such that the parties could avoid duplicative effort. *Endotach II*, Dkt. No. 19, at 3-8.

## II. DISCUSSION

Generally, "a federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (quoting *Ridge Gold Std. Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (further citations omitted)). "[A] suit is duplicative of the 'claims, parties, and available relief do not significantly differ between the two action.'" *Id.* (quoting *Ridge Gold*, 572 F. Supp. at 1213 (citations omitted by the *Gold Ridge* court). This is not a mechanical rule, rather, before dismissing a suit because it is duplicative, the Court should "consider any special factors counseling for . . . the exercise of jurisdiction in the case . . . ." *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1234 (7th Cir. 1979). Factors the Court may consider include: (1) avoiding piecemeal litigation; (2) the order jurisdiction was obtained; (3) the inconvenience of the forum; (4) whether dismissal will

unduly prejudice or tactically disadvantage the non-moving party; (5) the burden on the court and the parties to proceed; and (6) whether the second action will provide a comprehensive solution of the general conflict. *See id.* at 1234; *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 565 F.2d 1194 (7th Cir. 1977); *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

The crux of the matter is that any dismissal of this action, other than one with prejudice, will only serve to further delay the resolution of the merits of Endotach's claims. The Court already determined that a dismissal with prejudice in *Endotach I* was unwarranted because the standing issue in *Endotach I* could be and was resolved. Further, the issues that Cook claims need resolution in *Endotach I* do not go to the merits of Endotach's claims. Rather, the issues of attorney's fees in *Endotach I*, whether as a sanction for opposing Cook's meritorious motion to dismiss or pursuant to 35 U.S.C. § 285, may be decided concurrently with the merits of Endotach's claims and Cook's defenses in this case.

In addition, the only decisions on the merits in *Endotach I* was claim construction. Neither party in *Endotach I* asked the Court to reconsider that ruling; therefore, it appears unlikely that much of what was done in *Endotach I* would need to be repeated here. The Court sees little burden on the parties to proceed. This is not a case like *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832 (7th Cir. 1999), in which two nearly identical class actions were pending, the earlier-filed suit having been resolved by settlement (pending notice and final approval), the later-filed suit proceeding on the merits. But even in that case, under the circumstances presented, the Seventh Circuit

4

concluded that it was not error for the district judge assigned to the later-filed suit to proceed. *Id.* at 839.

Finally, Cook argues that Endotach is trying to enlarge its rights by filing the second suit before the first suit was dismissed, citing, among other things, Cook's laches defense and the limitation on damages in patent cases. *Endotach II*, Dkt. No. 28, at 3-4. In part, Cook takes issues with an aggressive case management plan in *Endotach II* based on the work that was done in *Endotach I*. The Court is confused about this position, however, in light of Cook's multiple demands in *Endotach I* to file early, piecemeal motions for summary judgment. The most expeditious manner in which to end this litigation is to resolve the parties' claims and defenses on the merits, capitalizing on the work that was done in *Endotach I* rather than throwing it out and starting over. To the extent Cook's defenses of laches or the statutory bar on damages rely upon the filing date of *Endotach II*, the Court is confident that Cook can make the proper argument for an equitable resolution.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Cook Medical Incorporated's Motion to Dismiss Duplicative Lawsuit, Docket No. 12, is **DENIED**.

IT IS SO ORDERED this 22nd day of August, 2013.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

5

Distribution:

Steven G. Cracraft
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
scracraft@brannonrobinson.com

Bradley G. Lane
BRINKS HOFER GILSON & LIONE
blane@brinkshofer.com

Dominic P. Zanfardino
BRINKS HOFER GILSON & LIONE
dzanfardino@brinkshofer.com

Michael T. Cooke
FRIEDMAN SUDER & COOKE
mtc@fsclaw.com

Brett Michael Pinkus
FRIEDMAN SUDER & COOKE - FORT WORTH TX
pinkus@fsclaw.com

Jonathan T Suder
FRIEDMAN SUDER & COOKE - FORT WORTH TX
jts@fsclaw.com

Glenn S. Orman
FRIEDMAN, SUDER & COOKE
orman@fsclaw.com