UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ENDOTACH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 1:13-cv-01135-LJM-DKL |
| COOK MEDICAL INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ORDER ON DEFENDANT'S MOTION TO STAY

Defendant Cook Medical Incorporated ("Cook") has moved to stay this patent infringement suit brought by Plaintiff Endotach LLC pending *inter partes* review ("IPR") of one of the patents-in-suit, U.S. Patent No. 5,593,417 (the "'417 patent"), by a third party.[1]  Dkt. No. 79.  For the following reasons, the Court **DENIES** Cook's Motion to Stay.

## I. BACKGROUND

### A.  PROCEDURAL HISTORY

A brief review of the procedural history of this case is warranted.  On June 21, 2012, Endotach filed suit against Cook in Florida alleging that several of Cook's endovascular graft products infringed U.S. Patent No. 5,122,154 (the "'154 patent") and the '417 patent (collectively, the "patents-in-suit").  *See Endotach LLC v. Cook Medical Inc.*, Cause No. 1:12-cv-01630-LJM-DKL ("*Endotach I*"), Dkt. No. 1.  Endotach asserted that it had an exclusive license to the patents-in-suit through a licensing agreement with

---

[1] At the time Cook filed its Motion to Stay, Cook's Motion to Dismiss for Lack of Subject Matter Jurisdiction: No Standing was pending, but that motion has been denied.  Dkt. No. 121.

the inventor's widow.  *Id.* ¶ 11.  *Endotach I* was transferred to this Court on November 8, 2012.  *Id.* Dkt. No. 51.  On November 14, 2012, this Court adopted the Florida court's deadlines for claim construction briefs, set a date for a claim construction hearing and directed further proceedings.  *Id.* Dkt. No. 52.  On February 13, 2013, a Case Management Plan was entered by this Court, which set aggressive deadlines for discovery and dispositive motions and a trial date in October 2014. *Id.* Dkt. No. 89.

On April 13, 2013, after a hearing on claim construction, the Court entered its Order on Claim Construction for all of the disputed claims of both the '154 and the '417 patents.  *Id.* Dkt. No. 102.  Shortly thereafter and pursuant to the parties' request, the Court re-set the Jury Trial to an early date in June 2014.  *Id.* Dkt. No. 107.

On June 28, 2013, Cook filed a Motion to Dismiss for Lack of Jurisdiction: No Standing ("MTD 1") alleging that at the time it filed suit, Endotach did not have an exclusive license to the patents-in-suit.  *Id.* Dkt. No. 124.  While MTD 1 was pending, on July 16, 2013, Endotach filed the instant suit in "an abundance of caution . . . . " *Endotach LLC v. Cook Medical Inc.*, Cause No. 1:13-cv-1135-LJM-DKL, Dkt. No. 1, ¶ 13 (hereinafter, "*Endotach II*").  In addition, on July 23, 2013, Cook filed a Motion to Dismiss Duplicative Lawsuit in *Endotach II* ("MTD-Duplicative Suit").  *Id.* Dkt. No. 12.

On August 6, 2013, the Court granted Cooks MTD 1 without prejudice in *Endotach I.  Endotach I*, Dkt. No. 158.

On August 22, 2013, the Court denied Cook's MTD-Duplicative Suit and concluded that "the most expeditious manner in which to end this litigation is to resolve the parties' claims and defenses on the merits, capitalizing on the work that was done in *Endotach I*, rather than throwing it out and starting over."  *Endotach II*, Dkt. No. 35, at 5.

Shortly thereafter, the Court issued an Order to Show Cause why the Court's previous rulings in *Endotach I* should not apply in *Endotach II*.  *Id.* Dkt. No. 36.

On October 1, 2013, the Court held a Status Conference in this matter to discuss case management issues.  *Id.* Dkt. No. 49.  At the Status Conference, Cook advised the Court that Cook had learned of potential IPR proceedings regarding the patents-in-suit in a case Endotach had filed in the Northern District of California against Medtronic, Inc. and Medtronic Vascular, Inc. (collectively, "Medtronic,"  the lawsuit pending in California, the "Medtronic suit").  *Id.* Dkt. No. 75, Tr. Oct. 1, 2013, Status Conf., at 2-3.  Endotach expressed doubt about any IPR being filed.  *Id.* at 4.

Having received no substantial objections to its Order to Show Cause, *see id.* Dkt. Nos. 40, 41, 49 & 51, on October 2, 2013, the Court issued a Case Management Plan.  *Id.* Dkt. no. 50.  Again, the Court set aggressive deadlines for discovery and dispositive motions, expecting the parties to capitalize on the work they had done in *Endotach I*, and set a Jury Trial to begin on September 15, 2014.  *Id.*

On October 23, 2013, Cook filed another Motion to Dismiss for Lack of Jurisdiction: No Standing ("MTD 2") in which Cook argued that a third-party entity, Johnson & Johnson Interventional Systems, had a superior property interest in the patents-in-suit to that of Endotach.  *Id.* Dkt. No. 67.

On October 31, 2013, Medtronic filed a petition for IPR, but only as to the '417 patent because the '154 patent was no longer at issue in the Medtronic suit.  *Id.*, Dkt. No. 80-6.

On November 5, 2013, Cook file the instant Motion to Stay.  *Id.* Dkt. No. 79.

On January 13, 2014, the Court denied MTD 2.  *Id.* Dkt. No. 121.

3

## B.  THE PATENTS-IN-SUIT AND MEDTRONIC'S IPR

The '154 patent issued on June 16, 1992, *id.* Dkt. No. 1-1, '154 Patent, at 2 of 13; the '417 patent issued on January 14, 1997, *id.* Dkt. No. 1-2, '417 Patent, at 2 of 10. Both patents are directed to intraluminal and endovascular grafts for placement within a blood vessel, duct or lumen to hold it open.  '154 Patent, Abstract; '417 Patent, Abstract. More specifically, the '154 patented invention is a graft composed of a flexible, tubular member or sleeve with multiple stents mounted thereon.  '154 patent, Abstract.  The sleeve and the stents are expandable such that the inner cross-sectional area of the sleeve is increased and, once expanded, "the stents . . . are resistant to contraction back to the compact state."  *Id.*  The '417 patented invention is an improvement on the '154 patent with respect to stents that are mounted on the outer surface of the sleeve, or a stent that is the entirety of the intraluminal device.  '417 patent, Abstract; *id.* col. 4, ll.1-9.  The improvement is directed to the means for anchoring the stent or intraluminal device within a vessel, duct or lumen.  *Id.* co. 3, ll.45-48.

Applying the relevant portions of 35 U.S.C. § 154, the '154 patent expired on August 15, 2010; the '417 patent will expire on November 27, 2015.  *See* 35 U.S.C. §§ 154(a)(2) & (c)(1); '154 Patent, at 1; '417 Patent, at 1.

On September 12, 2012, the effective date of the Leahy-Smith America Invents Act ("AIA"), the process of "*inter partes* reexamination" was replaced with the new IPR procedure.  *See Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013) (citing AIA, Pub. L. No. 112-29, § 6(a), 125 Stat. 284, 299-304 (2011), codified at 35 U.S.C. §§ 311-319 (2013)).  Once an entity or person files a petition for IPR, the USPTO has three months from the date the patent holder files a response to the petition

to decide whether or not to institute a review proceeding.  35 U.S.C. § 314(b).  The statute provides that the USPTO will not grant the petition unless "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  *Id.* § 314(a).  A petition may be filed by anyone who is not the patent owner as long as the petitioner has not filed a civil action challenging the validity of the patent, the petition is filed less than one year after the petitioner was served with a complaint alleging infringement of the patent, or the petitioner is not estopped from challenging the claims.  37 C.F.R. § 42.101.  Generally, the IPR process takes between eighteen months and two years to complete, presuming there is no appeal.  35 U.S.C. §§ 314(b) & 316(a)(11).

As previously stated, on October 31, 2013, Medtronic filed its Petition for *Inter Partes* Review Under 37 C.F.R. § 42.100, in which Medtronic challenges the validity of claims 1, 2, 9, 10 and 13 of the '417 patent on the basis of anticipation or obviousness.  *Endotach II*, Dkt. No. 80-6.  These are the same claims of the '417 patent being asserted by Endotach against Cook.  *Id.* Dkt. Nos. 80-7 & 80-8.

## II. DISCUSSION

Cook contends that a stay is proper because Endotach would not be prejudiced, the results of the likely IPR will simplify the issues in question and streamline the trial, and a stay will reduce the burden of litigation on the parties and the Court.  Endotach opposes the motion and argues that Cook's decision not to file for IPR itself and the procedural posture of this case weigh against issuance of a stay.

The Court has inherent authority and broad discretion to manage its dockets and stay proceedings.  *See Ethicon, Inc. v. Quigg*, 849 F.2s 1422, 1426-27 (Fed. Cir. 1988);

*Gould v. Control Laser Corp.*, 705 F.2d 13400, 1341 (Fed. Cir. 1983).   This broad

discretion is not unfettered, however, and in evaluating a motion to stay pending an IPR,

several federal district courts have enunciated the following considerations:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly
> prejudice or tactically disadvantage the non-moving party; (3) whether a
> stay will simplify the issues in question and streamline the trial; and (4)
> whether a stay will reduce the burden of litigation on the parties and the
> court.

*Ultratec, Inc. v. Sorenson Comm'ns, Inc.*, No. 13-cv-346-bbc, 2013 WL 6044407, at *2

(W.D. Wis. Nov. 14, 2013) (quoting *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F.

Supp. 2d 915, 920 (W.D. Wis. 2010); citing, *Universal Elecs. Inc. v. Universal Remote

Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013) (applying the same standard

as that for a stay pending *inter partes* reexamination)).   *See also RR Donnelley & Sons

Co. v. Xerox Corp.*, Case No. 12-cv-6198, 2013 WL 6645472, at *2 (N.D. Ill. Dec. 16,

2013).   Furthermore, the Court should not ignore the totality of the circumstances.   *See

Universal Elecs.*, 943 F. Supp. 2d at 1031.

Applying these factors to the instant matter, the Court concludes that a stay is not

warranted.   Unlike in the Medtronic suit where the IPR was filed little more than one

month after the parties' Joint Case Management Statement, *see Endotach II*, Dkt. Nos.

80-4; 80-6, these proceedings are not at an early stage.   Fact discovery has closed and

the parties are well into expert discovery.   Further, the parties and the Court set

aggressive deadlines in this matter and, apparently, Cook has been prepared for

months to move for summary judgment on its invalidity defense.   *See Endotach I*, Dkt.

Nos. 120 (Motion for Summary Judgment on Invalidity of the '154 Patent, filed June 28,

2013, struck as premature by Dkt. No. 130) & 122 (Motion for Summary Judgment on Invalidity of the '417 Patent, filed June 28, 2013, struck as premature by Dkt. No. 130).

In addition, by failing to file its own IPR, but now trying to ride the coat tails of a third party, Cook has unfairly disadvantaged Endotach.  Cook ignores the fact that it had an opportunity to file its own IPR early in this case and chose not to do so.  Rather, it has participated in this proceeding and aggressively challenged Endotach at every turn. As a result, a stay now would give Cook a tactical advantage by further delaying resolution of Endotach's claims it, either through litigation or settlement, while allowing Cook to sit idle while Medtronic fights Cook's battle in the USPTO.

Further, Cook makes much of the fact that Endotach does not produce a product or practice the technology of either patent.  Although the Court agrees that this makes the exigencies of this suit different from that of a suit between competitors, the Court has concluded three times that Endotach is entitled to continue with its suit and should not now have to wait as long as two years to determine whether Cook has any liability for infringement of the '154 patent while a third party fights part of Cook's invalidity battle over the '417 patent in another forum.  Several courts have denied a stay in similar situations.  *See RR Donnelley & Sons*, 2013 WL 6645472, at *3 (discussing *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, Civil No. 12-2730 ADM/AJB, 2013 WL 448335, at *1-3 (D. Minn. Aug. 20, 2013); citing *Davol, Inc. v. Atrium Med. Corp.*, Civl Action No. 12-958-GMS, 2013 WL 3013343, at *2-6 (D. Del. June 17, 2013); *Pentair Water Pool & Spa, Inc. v. Hayward Indus., Inc.*, No. 5:11-cv-459D, 2012 WL 6608619, at *3 (E.D.N.C. Dec. 18, 2012)); *see also Ultratec*, 2013 WL 6044407, at *3 (discussing the long delay that could occur while the parties wait for IPR proceedings).  Moreover, the pending IPR

is focused on the '417 patent, which has not yet expired (but most likely would expire by the time the IPR is completed), and damages that stem from any alleged infringement are not fixed.   Staying the case would necessarily put Endotach in an unfair position with respect to any possible settlement or royalty situation with respect to that patent.

The Court recognizes that an IPR, even by a third party, could simplify the issues and/or trial as to the '417 patent in this case.  However, the scope of the issues that could be resolved by the IPR are more narrow than those that can be addressed in this litigation.  Not only is there another patent at issue, Cook is relying on 35 U.S.C. § 112 invalidity claims that cannot be addressed in an IPR as well as on a laches defense, which has no connection to the claims of the '417 patent. *Cf. RR Donnelley & Sons*, 2013 WL 6645472, at * 3 (citing *SoftView LLC v. Apple Inc.*, Civ. No. 10-389-LPS, 2012 WL 3061027, at *3 (D. Del. July 26, 2012)).   Further, there is no guarantee that the USPTO will grant Medtronic's petition for IPR, which adds to the uncertainty of how much the IPR proceedings would simply the issues in this case.  *Cf. Ultratec*, 2013 WL 6044407, at *3-4.

The Court concludes that the totality of the circumstances in this case weighs in favor of denying the stay.

### III.  CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant Cook Medical Incorporated's Motion to Stay Pending *Inter Partes* Review, Docket No. 79.

IT IS SO ORDERED this 5th day of March, 2014.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven G. Cracraft
BRANNON SOWERS & CRACRAFT PC
scracraft@bscattorneys.com

Bradley G. Lane
BRINKS GILSON & LIONE
blane@brinksgilson.com

Danielle Anne Phillip
BRINKS GILSON & LIONE
dphillip@brinksgilson.com

Dominic P. Zanfardino
BRINKS GILSON & LIONE
dzanfardino@brinksgilson.com

Jason W. Schigelone
BRINKS GILSON & LIONE
jschigelone@brinksgilson.com

Jeffry Michael Nichols
BRINKS HOFER GILSON & LIONE - CHICAGO IL
jnichols@brinkshofer.com

Michael T. Cooke
FRIEDMAN SUDER & COOKE
mtc@fsclaw.com

Brett Michael Pinkus
FRIEDMAN SUDER & COOKE - FORT WORTH TX
pinkus@fsclaw.com

Jonathan T Suder
FRIEDMAN SUDER & COOKE - FORT WORTH TX
jts@fsclaw.com

Glenn S. Orman
FRIEDMAN, SUDER & COOKE
orman@fsclaw.com