UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENDOTACH LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:13-cv-01135-LJM-DKL |
| ) | |
| COOK MEDICAL LLC ) | |
| Defendant. ) | |

**ORDER ON MOTION TO REVIEW DEFENDANT'S BILL OF COSTS**

Defendant Cook Medical LLC ("Cook"), having prevailed in this cause, has filed its Bill of Costs. Plaintiff Endotach LLC responded with objections, which pend before this Court.

This case has a somewhat convoluted history. The first of Endotach's two efforts to sue Cook began in the Northern District of Florida in June of 2012. The cause was transferred to this District on Cook's motion and arrived here in November of 2012 ("*Endotach I*"). Discovery ensued, a *Markman* hearing was held and a ruling made thereupon in April of 2013. After further discovery, on June 28, 2013, Cook filed both a Motion for Summary Judgment and a Motion to Dismiss for Lack of Standing. Various motions to compel discovery were filed by Cook. This Court then granted the Motion to Dismiss for Lack of Standing without prejudice. Cook filed a Motion for Attorney Fees and Costs related to the Motion to Dismiss for Lack of Standing. This Court denied the motion on March 6, 2014.

While Cook's Motion to Dismiss still was pending and after the *Markman* ruling, on July 16, 2013, Endotach filed "out of an abundance of caution" a second suit duplicative

of the first ("*Endotach II*"), presumably to protect various of Endotach's strategic and substantive opportunities should the Court dismiss the first of the filed cases. The *Endotach II* Complaint alleged that corrective measures had been taken to clear up any doubt that might exist as to Endotach's standing to bring the suit.

Prior to the dismissal of *Endotach I* for lack of standing, much had been done to resolve the patent infringement dispute between these parties. The patent terms had been construed, discovery had moved apace, and a motion for Summary Judgment had been filed. Even so, *Endotach I* had been dismissed. The Court held a hearing in *Endotach II* to determine what the parties considered to be the next step in the litigation. All agreed that the progress that had been made toward resolution in *Endotach I* should not be abandoned. In addition, the Court indicated that it would not require Cook to file twice for costs, once for the dismissed case and once for the new case. Cook has not waived these costs by waiting to file for all costs incurred in this litigation until after the second case was concluded. Therefore the Court will consider costs at this time for both cases.

Recoverable costs are specified in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441, 107 S. Ct. 2494, 96 L.Ed.2d 385 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In its bill of costs, among other things, Cook asks for pro hac vice fees filed in this matter in the amount of $662.00. Cook cites two cases from this District supporting its argument.

Neither are applicable here. *Earls v Colvin*, No. 1:11-cv-00435-TWP-TAB, 2013 WL 1869025 (S.D. Ind. May 3, 2013), was a Social Security appeal dealing with a different cost recovery statute. The second, *Custer v. Schumaker Racing Corp.*, No. 1:06-cv-1208-WTL-JDT, 2008 WL 360894 (S.D. Ind. Feb. 8, 2008), was a vexatious matter which stands on its own and has no relevance here.

Section 1920, allows for recovery of clerks fees. Section 1914(b) allows the clerk to collect a list of fees prescribed by the Judicial Conference of the United States and that prescribed list does not contain pro hac vice fees. The list at paragraph 10 does mention original admission fees, but not pro hac vice fees. The request for pro hac vice fees is, therefore, **DENIED**.

Cook has listed $385.00 as fees for service of summons and subpoenas. The Court finds these expenses necessary and reasonable. Cook has also submitted that it incurred witness fees of $306.20. The Court now finds this amount appropriately taxed as costs to Endotach as reasonably and necessarily incurred. Costs for transcripts of Court proceedings are requested in the amount of $1637.70. These amounts are reasonable and necessary and allowed.

The parties dispute deposition costs. Cook asks the Court to assess costs for transcripts of depositions, reporter appearance fees and videos of depositions. Endotach questions the need for assessing costs for a deposition transcript and a video of the same witnesses. Endotach also challenges the per page transcript rate of several depositions. Appearance fees are reporter fees requested in addition to the per-page costs. Endotach argues that the Court should limit the amount recovered for deposition transcripts to the rate established by the Judicial Conference of the United States, currently $3.65 per page

for an original and $0.90 per page for a copy. These are the costs for transcripts provided within 30 days of the order. Fourteen-day transcripts are billed at a rate of $4.25 per page. Expedited transcripts delivered within 7 days of the order are billed at $4.25 per page. Transcripts provided on a daily copy basis are paid for at the increased rate of $6.05 per page, and those provided on an hourly basis are paid for at the rate of $7.25 per page. Real time, unedited transcripts are purchased at yet a different rate depending on the number of feeds, that is the number of computers to which the transcript is fed: $3.05 per page for one feed; $2.10 per page for 2-4 feeds; and $1.50 per page for 5 or more feeds. These real time rates are in addition to the expedited rates so that a real time transcript can be billed for over $10.00 per page. These are the rates charged by court reporters employed by the various Federal Courts around the country and are often referred to as the Judicial Conference rate.

In some instances courts have found the Judicial Conference rate to be the appropriate reasonable rate for the purpose of taxing costs; there is no rule in this district that establishes the Judicial Conference rate as the maximum taxable rate. *Cf.* Northern District of Illinois Local Rule 54.1(b) ("If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court. Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed.").

In this case the costs per page of the 11 transcripts listed on the Bill of Costs range from $3.95 per page charged in Philadelphia, Pennsylvania, to $9.01 per page in Fort Worth, Texas. All the transcripts for which reimbursement is claimed come with a word index, which is a convenience allowing the attorneys to find areas of relevance quicker and easier. The Judicial Conference fee schedule does not mention this added feature. It is appropriate to note that the general rule is that features ordered from a reporter not by necessity but for the convenience of the attorneys claiming reimbursement of the costs will not be awarded.

Appearance fees are eligible for reimbursement in some districts as long as the per page rate plus the appearance fee does not exceed the Judicial Conference page rates. This Court concludes that appearance fees are reasonable and necessary and thus reimbursable as costs to the prevailing party. These fees are not convenience fees. These fees may vary from place to place, but they are incurred by all who order depositions in the area.

In addition, the Court concludes that TotalTranscript®, and real time fees requested by Cook are recoverable as necessary and reasonable costs. This case was put on a faster pace than usual and the benefits to the parties of having these added services also benefited the Court's ability to move the case to disposition in an expedited manner. It is significant that real time was ordered on only four of the depositions listed on the Bill of Costs and that citations to all four witnesses are in ensuing pleadings.

Cook has also asked for reimbursement for video deposition costs. These were all videos of depositions for which costs will be allowed. Video transcript costs are includible for reimbursement in a bill of costs under certain circumstances. Those that

are necessary for trial and those for which no deposition transcript was ordered may be eligible. Here, because transcripts were prepared and because there is no showing that these videos were necessary for court presentation, the fees are not allowed; Endotach's objection to the fees for videos is **SUSTAINED**.

Turning to per page costs, as the Court has noted, the requested per-page costs have varied from place to place around the country depending on the location of the witnesses. There is no suggestion that the billings were not at the recognized local rate. If a witness deposition is taken in a location in which reporters charge a higher per-page rate than others, it seems to this Court that the burden of that higher rate should be carried by the losing party at the Bill of Costs stage of the proceedings. This is particularly reasonable when the depositions are taken by a prevailing defendant as the defendant must take the witnesses where they are found. Thus, the requested costs per page for each of the 11 depositions is found to be reasonable and necessary and the request in the Bill of Costs for reimbursement of those fees is **GRANTED**; Endotach's objections are **OVERRULED**.

In coming to its conclusion on the issues raised by the objections to the Bill of Costs, the Court has not ignored the Judicial Conference rates. These rates provided a useful guideline in determining the necessity and reasonableness of the fees requested. It is apparent from the papers filed in this matter that one size does not fit all. The task for this Court is to determine what is fair, reasonable and necessary. No one disputes that these deposition were necessary. No one disputes that the reporters employed charged excessive fees out of line with the local schedule. For the above reasons the Bill of Costs result in reimbursement to Cook for deposition costs in the amount of

$21,697.06.

Cook has requested the costs for converting electronic documents into format for production. Fees for this service are awardable in this Circuit. *See Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). Cook's Bill of Costs provides sufficient detail to show that the costs requested were related to the required conversion of documents, including documentation providing the names of persons responsible for the conversion along with dates, times and costs. These costs are allowed.

Copy costs are contested. Cook's breakdown of the costs is satisfactory. Granting Endotach's requests for more documentation would require an unreasonable and more expensive record keeping regime than necessary. Here, the support documents that include the copying dates, the name of the individual requesting copies, the case associated with the copies, the number of pages copied and the cost of each copy are enough to justify the request. These costs are allowed.

The Request for Bill of Costs if **GRANTED** except for pro hac vice fees and video deposition costs for a total of $59,792.98. Endotach's Motion for Review of Costs is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED this 10th day of March, 2016.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Steven G. Cracraft
BRANNON SOWERS & CRACRAFT PC
scracraft@bscattorneys.com

Bradley G. Lane
BRINKS GILSON & LIONE
blane@brinksgilson.com

Danielle Anne Phillip
BRINKS GILSON & LIONE
dphillip@brinksgilson.com

Dominic P. Zanfardino
BRINKS GILSON & LIONE
dzanfardino@brinksgilson.com

Jason W. Schigelone
BRINKS GILSON & LIONE
jschigelone@brinksgilson.com

Jeffry Michael Nichols
BRINKS HOFER GILSON & LIONE - CHICAGO IL
jnichols@brinkshofer.com

Michael T. Cooke
FRIEDMAN SUDER & COOKE
mtc@fsclaw.com

Brett Michael Pinkus
FRIEDMAN SUDER & COOKE - FORT WORTH TX
pinkus@fsclaw.com

Jonathan T Suder
FRIEDMAN SUDER & COOKE - FORT WORTH TX
jts@fsclaw.com

Glenn S. Orman
FRIEDMAN, SUDER & COOKE
orman@fsclaw.com